## STEWART et al. v. BILLINGTON et al.

No. 17148—Opinion Filed Sept. 14, 1926.

Rehearing Denied Oct. 26, 1926.

(Syllabus.)

1. **Indians—Descent of Seminole Allotment —Statute.**

Section 2 of the Act of Congress approved June 2, 1900, entitled "An Act to Ratify an Agreement Between the Commission to the Five Civilized Tribes and the Seminole Tribe of Indians" (31 Stat. L. 250), controls the descent of land to which a duly enrolled member of the Seminole Tribe of Indians who died after the 31st day of December, 1899, and before receiving his allotment, is entitled; but said section has no application and does not control the descent of lands allotted to a member of said tribe of Indians who died after said date, but who received his allotment prior to his death.

2. **Same—Inheritance by Creek Citizens.**

The applicable provision of chapter 49 of Mansfield's Digest of the Statutes of Arkansas, extended and put in force in the Indian Territory, of which the Seminole Nation is a part, controlled the devolution of land allotted to an enrolled citizen of the Seminole Tribe of Indians who died in the year 1904 after receiving his allotment. In the instant case, the allottee having left surviving his wife and children, they inherited the land allotted to him as a citizen of the Seminole Nation although they were duly enrolled citizens by blood of the Creek Tribe of Indians.

Error from District Court, Seminole County; George C. Crump, Judge.

Action by William Stewart, Ned Lusty, Harry Lusty, Alfa Lusty, and Eliza Edmond, Ella Edmond, Emma Edmond, and Toche Edmond, against C. B. Billington, Skelly Oil Company, a corporation, C. M. Cade and A. J. Fluke, receivers, C. H. Douglas, and Charles H. Gurusey. Judgment for defendants, and plaintiffs appeal. Affirmed.

J. B. Campbell and Pryor, Stokes & Carver, for plaintiffs in error.

J. E. Simpson and A. M. Fowler, for defendant in error C. B. Billington.

W. P. Z. German, Joe T. Dickerson, and Alvin F. Molony, for defendant in error Skelly Oil Company.

BRANSON, V. C. J. This case presents error from the district court of Seminole county. The plaintiffs in error here, to wit, William Stewart, Ned Lusty, for himself and as guardian of Harry Lusty, Alfa Lusty, and Eliza Edmond, and Punka as guardian of Ella Edmond, Emma Edmond, and Toche Edmond, sued the defendants in error, to wit, C. B. Billington, Skelly Oil Company, a corporation, C. M. Cade and A. J. Fluke, as receivers for the Conservative Loan Company, a corporation, O. H. Douglas, and Charles H. Gurusey, for the recovery of a certain tract of land which was allotted to a citizen by blood of the Seminole Tribe of Indians. The land was allotted under the Supplemental Seminole Agreement of June 2, 1900. The said allottee was enrolled as "George." The said "George" was a full-blood Indian of the said Seminole Tribe, and the land so allotted to him by the Commissioners to the Five Civilized Tribes was by reason of the various Acts of Congress governing the enrollment and allotment of the lands of the Five Civilized Tribes of Indians to the respective enrolled citizens thereof. In the instant case the land was allotted to the said allottee and he departed this life in the year 1904, seized and possessed thereof. He died intestate, leaving surviving him his family composed of his widow, Jennie, and three children by name, to wit, Mahala, Lizzie, and Pathumka. The said widow and the said children were placed upon the final rolls of the Creek Tribe of Indians as full-blood citizens of that tribe. They sold by conveyance properly executed the land in question herein, and the same has vested in the defendants by mesne conveyances from their grantee.

The plaintiffs in the instant case are the nearest relatives or next of kin to the said allottee enrolled as citizens of the Seminole Tribe of Indians. The question presented in this case, therefore, becomes immediately apparent, and is this: Did the said wife and children inherit the Seminole allotment from the husband and father who died intestate, or did the Act of June 2, 1900, exclude them because they were enrolled citizens of the Creek Tribe of Indians? If they did inherit, the judgment of the trial court in the instant case, sustaining a demurrer to the petition

and dismissing the same, must be affirmed.

Plaintiffs state their position in this language:

"It is the contention of the plaintiffs that the children of said 'George,' all being noncitizens of the Seminole Nation of Indians, do not inherit the land of said 'George.' If they do, then plaintiffs must fail in this action."

It is section 2 of the Act of Congress of June 2, 1900 (31 Stat. L. 250), that is drawn in question here. If this section did not govern the devolution, then the contention of the defendants that the descent from the said intestate was cast under the applicable provision of chapter 49 of Mansfield's Digest of the Statutes of Arkansas, placed in force in Indian Territory where not made inapplicable by the various acts of Congress, must be sustained. The said section 2 provides:

"If any member of the Seminole Tribe of Indians shall die after the 31st day of December, 1899, the lands, money and other property to which he would be entitled if living shall descend to his heirs who are Seminole citizens, according to the laws of descent and distribution of the state of Arkansas, and be allotted and distributed to them accordingly," etc.

The plaintiffs in the instant case present an adroit and forceful argument in support of their position that the said section 2 governed the descent of lands in the Seminole Nation whether allotted to and held by Seminoles at the time the descent was cast or whether the member of that tribe in whose name the land was allotted was deceased at the time the allotment was made. While not unaware of the force of the argument made by the plaintiffs in behalf of their assignments of error to reverse the judgment of the district court, we feel that the question here presented is no longer an open one. As far back as 1910, in the case of Bruner v. Sanders, 26 Okla. 673, 110 Pac. 730, the identical question was presented to this court, and its holding was adverse to the contention made by the plaintiffs.

In that case this court held that the said section 2 of the Seminole Treaty of June 2, 1900, was a special statute of descent, and governed only in those cases where the citizen, enrolled as of the 31st day of December, 1899, died before the land to which he would be entitled, if living, was actualy allotted to him. In the said case the court further held that chapter 49, aforesaid, governed, for that the descent was cast after the land had been allotted to the citizen allottee of the Seminole Tribe. This case was discussed with approval by this court in the case of Heliker-Jarvis Seminole Co. v. Lincoln et al., 83 Okla. 425, 126 Pac. 723, wherein, among other things, it was said:

"Chapter 49 of the Laws of Arkansas (Mansf. Dig. entitled 'Descent and Distribution') controls the descent of land allotted to a member of the Seminole Tribe of Indians, not of Indian blood, who died on the 23rd day of August, 1903, after receiving his allotment."

Again it was referred to with approval and discussed in the case of Lasiter v. Ferguson, 79 Okla. 200, 192 Pac. 197. The identical question involved here was involved in said last-named case. From the holding of this court therein, in consistence with the holding in the other cases above cited, a petition for a writ of certiorari was presented to the Supreme Court of the United States and the same was by that court denied on December 13, 1920. (65 L. Ed. [U. S.] 457.)

Reference to the above cited cases and the reasoning therein contained obviates further discussion of the questions here presented. We hold that they are controlling in the instant case, and that the judgment of the trial court, sustaining a demurrer to plaintiffs' petition and dismissing the same, must be affirmed.

NICHOLSON, C. J., and PHELPS, LESTER, HUNT, and RILEY, JJ., concur.

Note.—See 31 C. J. p. 524, §96.