CATE ET AL. *v.* BEASLEY ET AL.

No. 30. Argued October 19, 1936.—Decided November 9, 1936.

*Mr. Richard W. Stoutz* submitted for petitioners.

*Mr. Lloyd G. Owen,* with whom *Messrs. James A. Veasey, Guy H. Woodward,* and *R. J. Roberts* were on the brief, for respondents.

PER CURIAM.

John Wadsworth, enrolled as a Seminole Indian, died on August 3, 1907, after selecting his allotment and prior

to the admission of Oklahoma to statehood. Surviving him were his mother, brothers and sisters, enrolled as Seminoles, and his wife and three children enrolled as Creeks. In an action to quiet title the Supreme Court of Oklahoma affirmed a judgment sustaining demurrers to the petition. 175 Okl. 494; 53 P. (2d) 549. The Court said [pp. 494–495]:

"For 25 years it has been the settled rule of law in this State, in reliance upon which the stability and dependability of titles has depended, that the allotted land of a Seminole Indian, who died (1) after selecting his allotment, and (2) before statehood, descended to his heirs, in accordance with the Arkansas laws of descent and distribution, without regard to the above limitation to tribal citizens. . . . There is some merit in the assertion of plaintiffs in error that the first pronouncement of that rule, in *Bruner* v. *Sanders*, 26 Okl. 673, 110 P. 730, decided in the year 1910, is dictum. Nevertheless, if it was dictum, it was repeatedly followed by subsequent decisions of this court wherein it emerged from the realm of dictum into the point actually decided. Those cases are *Heliker-Jarvis Seminole Co.* v. *Lincoln*, 33 Okl. 425, 126 P. 723, *Thorn* v. *Cone*, 47 Okl. 781, 150 P. 701, *Rentie* v. *Rentie*, 70 Okl. 103, 172 P. 1083, *Dickinson* v. *Abb*, 73 Okl. 322, 176 P. 523, *Lasiter* v. *Ferguson*, 79 Okl. 200, 192 P. 197, and *Stewart* v. *Billington*, 122 Okl. 9, 250 P. 84."

In view of the long established rule in Oklahoma as to the descent of the allotted land of a Seminole Indian who died after selecting his allotment and before statehood, the judgment is affirmed.

This decision is not to be construed as impairing the authority of our earlier decisions under the agreements made with other Indian tribes or under the Seminole Agreement with respect to a Seminole who died before selecting his allotment. See *Washington* v. *Miller*, 235 U. S. 422; *McDougal* v. *McKay*, 237 U. S. 372; *Camp-*

*bell* v. *Wadsworth,* 248 U. S. 169; *Grayson* v. *Harris,* 267 U. S. 352.

*Affirmed.*

MR. JUSTICE McREYNOLDS is of opinion that the challenged judgment should be reversed.

MR. JUSTICE STONE took no part in the consideration or decision of this case.